IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JENNIFER RUTTER, | |
|     Plaintiff, | Civil No. 15-cv-4418 (RMB/KMW) |
|     v. | MEMORANDUM ORDER |
| RICHARD WRIGHT, | |
|     Defendant. | |

On June 25, 2015, Defendant, Richard Wright, (the "Defendant") removed the above-captioned action to this Court, relying upon federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Defendant also filed an Application to Proceed Without Prepayment of Fees.  While Defendant's form appears to lack some of the information typically supplied, based on his affidavit of indigence, the Court will grant this application pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to open this matter and file the Notice of Removal.

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must preliminarily screen in forma pauperis filings and must dismiss any filing that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  According to

the Notice of Removal, [Docket No. 1], the Defendant contends that "Plaintiff's right to relief necessarily depends on resolution of a substantial question of Federal Law." [Docket No. 1 at ¶7]. Defendant further avers that "[t]he Federal Cause of Action in ejectment/eviction is the basis for this action . . . ." [Id. at ¶11].

The underlying state court Complaint (the "Complaint") is a landlord/tenant dispute related to nonpayment. [Id. at 1-2]. There is no mention of any federal law whatsoever, and the underlying claim clearly relates to a purely state law matter – i.e., a landlord/tenant dispute for nonpayment. Eubanks v. YWCA, No. 13- 2013 U.S. Dist. LEXIS 126852, at *21 (M.D. Pa. Aug. 7, 2013)("It is well settled law that federal courts typically '[lack] subject matter jurisdiction over state eviction actions or other landlord-tenant matters.'" (quoting Senior v. University Towers Associates, 2008 U.S. Dist. LEXIS 18274, 2008 WL 649713, *3 (E.D.N.Y. March 10, 2008)). While Defendant states that he feels like he is being discriminated against based on his race by his landlord, there is no indication that the landlord is a state actor as would be required to impose liability under 42 U.S.C. § 1983. See Graham v. Rawley, No. 14-6743, 2015 U.S. Dist. LEXIS 76084, at *8 (D.N.J. June 11,

2

2015)(discussing necessity of state action to impose § 1983 liability).

"[S]ubject matter jurisdiction cannot be waived or consented to, and 'subject-matter delineations must be policed by the courts on their own initiative. . . .'" Navatier v. Careone, No. 13-3992, 2013 U.S. Dist. LEXIS 164964, at * 4 (D.N.J. Nov. 19, 2013)(quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)).  "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court."  Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).  Moreover, "[b]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand."  Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1985) (internal citations omitted); see also Steel Valley Authority v. Union Switch & Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987) ("It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.") (citing Abels).

A district court has original jurisdiction over cases that

3

"arise under" federal law.  See 28 U.S.C. § 1331, 1441(a). Pursuant to the "well-pleaded complaint" rule, a plaintiff ordinarily may remain in state court so long as his or her complaint does not allege a federal claim on its face.  See Franchise Tax Bd. of Cal. v. Contr. Laborers Vac. Tr. for S. Ca., 463 U.S. 1, 10 (1983).  Moreover, to establish "arising under" jurisdiction, "the federal law must be in the forefront of the case and not collateral, peripheral, or remote." Palmer v. Univ. of Medicine and Dentistry, 605 F. Supp. 2d 624, 627 (D.N.J. 2009).  Federal jurisdiction cannot be established by a federal defense or by challenging the merits of a claim. See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, (1987).

In the instant matter, Plaintiff's Complaint only mentions a landlord/tenant dispute for nonpayment.  This is clearly insufficient to confer jurisdiction and, as it appears that both Plaintiff and Defendant are citizens of New Jersey, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332. Therefore, this Court finds that this matter does not contain claims arising under federal law and, as such, remand is proper.

ACCORDINGLY, IT IS on this, the **29th** day of **June 2015**, hereby

**ORDERED** that, pursuant to 28 U.S.C. § 1915(a), the

application by Defendant to proceed in forma pauperis is **GRANTED**; and it is further

   **ORDERED** that the Clerk of the Court is directed to file the Notice of Removal without prepayment of the filing fee; and it is further

   **ORDERED** that this case shall be **REMANDED** to the Superior Court of New Jersey, Gloucester County for lack of subject matter jurisdiction; and it is further

   **ORDERED** that the Clerk of the Court shall **CLOSE** this file in this matter.

                                 s/Renée Marie Bumb
                                 RENÉE MARIE BUMB
                                 UNITED STATES DISTRICT JUDGE